IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| JAMES SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-16-055-RAW |
|  | ) |  |
| ED LAKE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER**

Before the court are the motions of the defendants to dismiss. Plaintiff's complaint alleges a federal claim pursuant to 42 U.S.C. §1983 and a state law claim of abuse of process.[1] Both claims involve the Oklahoma Department of Human Services taking custody of plaintiff's children.

The court accepts as true the well-pleaded factual allegations and then determines if the plaintiff has provided enough facts to state a claim to relief that is plausible on its face. *Krug v. Kastner,* 2016 WL 4502335, *1 (10th Cir.2016). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Because plaintiff is proceeding *pro se*, the court construes his complaint liberally. *Id.*

---

[1] Of course, §1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes. *Bird v. West Valley City,* 2016 WL 4183957, *13 (10th Cir.2016). Plaintiff's first claim is based on Supreme Court jurisprudence, such as *Quilloin v. Walcott,* 434 U.S. 246, 255 (1978)("We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected").

The complaint alleges that in March, 2013, plaintiff's two children (aged 2 and 3, respectively) were at the police station in Konawa, Oklahoma, having been picked up while walking near a highway. At that point the children were sent home with plaintiff, but the next day the children were taken into state custody. A court hearing was conducted soon thereafter and the state judge kept the children in state custody, with plaintiff allowed to visit "only on Fridays for an hour." (¶11). "After a couple of months the defendants arranged it so I could only see the children every other month, slowly trying to phase the children out of my (plaintiff's) life." (¶12). He further alleges that "[t]he Defendants continue to make unreasonable unification plans," apparently referring to family reunification, and are "in essence using 'the system' to steal the Plaintiff's children." (¶13).

The essence of plaintiff's §1983 claim is that "Defendants abused their power and used the law to abduct plaintiff's children. In so doing, the State of Oklahoma has unlawfully and tortiously interfered with a parent's right to raise and take care of his own children, without cause." (¶15). The court finds that it should abstain from exercising jurisdiction over this claim. Several defendants contend the court lacks jurisdiction, citing the *Rooker-Feldman* doctrine, which prohibits a losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Morkel v. Davis,* 513 Fed.Appx. 724, 727 (10th Cir.2013). The court notes, however, this doctrine has a narrow scope and applies only when a state court judgment is final. *Id.*

Although not perfectly clear from the complaint, it appears that while an order transferring child custody has been made, the order is not permanent, as indicated by the reference to defendants' continuing efforts at "unification plans."[2]

Inasmuch as the state court proceedings were still ongoing when plaintiff brought suit in federal court, the state court orders are not final and "consequently fall outside the scope of *Rooker-Feldman.*" *Id.* Thus, the court will consider the *Younger* abstention doctrine.[3] Under that doctrine, federal district courts must abstain from exercising jurisdiction when three conditions are satisfied: (1) there are ongoing state proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests. *Morkel,* 513 Fed.Appx. at 727.

As stated, the record reflects that the state custody proceedings were ongoing when this lawsuit was filed. "This court and other circuits have consistently applied *Younger* to child custody cases." *Id.* at 728. Second, it is plaintiff's burden to establish that state law prevents him from presenting his federal claims in the state proceedings. *Id.* at 728-29. Plaintiff has not done so. Third, "the resolution of child custody matters has been acknowledged as an important state interest." *Id.* at 729. The court concludes *Younger*

---

[2]It appears that the state court proceedings were in regard to what Oklahoma law calls a "deprived child," defined at 10A O.S. §1-1-105(20). A termination of parental rights is permitted under certain circumstances. *See* 10A O.S. §1-4-904.

[3]*See Younger v. Harris,* 401 U.S. 37 (1971).

3

applies.[4] Therefore, the court declines to entertain plaintiff's claims for declaratory and injunctive relief.[5] Plaintiff, however, also seeks monetary damages. Such claims do not "fall within the purview of *Younger* abstention." *Id.*[6]

As to defendant Zachary Pyron (plaintiff's former counsel during the state court proceeding), plaintiff has not alleged that Pyron was a state actor. Consequently, Pyron is not subject to suit under §1983. *Id.* at 730. As to defendant Chris Ross (the District Attorney for Seminole County) a prosecutor is entitled to absolute immunity from suit brought under §1983 for damages based upon his initiating a proceeding and presenting the state's case. *See Imbler v. Pachtman,* 424 U.S. 409 (1976). Dismissal is also appropriate. As to defendant Seminole County Court, it is considered an arm of the state entitled to Eleventh Amendment immunity. *Tuell v. Blane County Courts,* 2016 WL 1517985, *2 (W.D.Okla.2016). This defendant will be dismissed as well.

As to defendants Ed Lake (Director of the Oklahoma Department of Human Services) and Stephanie Anderson (OKDHS child welfare case worker), "a state and its employees acting in their official capacities generally enjoy sovereign immunity from claims arising

---

[4]"Although the domestic relations exception is generally considered an exception to diversity jurisdiction, it may also be applied in federal questions cases." *Watson v. State,* 2016 WL 1359868, *4 (D.Kan.2016)(footnote omitted).

[5]*Younger*-abstention dismissals are without prejudice. *See Goings v. Sumner Cnty. Dist. Att'ys Office,* 571 Fed.Appx. 634, 639 (10th Cir.2014).

[6]If the court were acting under the *Rooker-Feldman* doctrine, the damage claims would be deemed "inextricably intertwined" with the state court's orders. *See Webb v. Okla. Dept. of Human Services,* 516 Fed.Appx. 727, 729 (10th Cir.2013).

under §1983." *Johnson v. Okla. Dept. of Transp.,* 645 Fed.Appx. 765 (10th Cir.2016). To the extent the claims are against defendants in their individual capacities, the defendants assert qualified immunity. "The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Boles v. Neet,* 486 F.3d 1177, 1180 (10th Cir.2007). In the context of a 12(b)(6) motion, the plaintiff must allege facts sufficient to show (1) the defendant's conduct violated his constitutional rights, and (2) those rights were clearly established at the time of the defendant's alleged misconduct. *Halley v. Oklahoma ex rel. Oklahoma State Dept. of Human Services,* 2016 WL 1301125, *5 (E.D.Okla.2016). The court finds plaintiff's allegations insufficient as to the first prong. The "deprived child" procedure established by Oklahoma law does not *per se* violate clearly established constitutional rights. The issue of ultimate child custody is resolved by the state judge based on the evidence presented, and the decision is subject to appeal in the normal course. No allegations in the complaint indicate that Lake or Anderson engaged in any conduct outside the normal bounds of such a proceeding, or any conduct which violated plaintiff's constitutional rights. That is to say, any time a parent lost a "deprived child" proceeding under Oklahoma law, a parent might characterize it as "child stealing," but such a contention is for the state court. These defendants are likewise dismissed.

Also named as defendants are "Mr. and Mrs. Joseph Baker," who are described as "the foster parents with physical custody of Plaintiff's children and agents for the OKDHS." (¶6). The record reflects that the Bakers have been served with process but have not entered an appearance. Nevertheless, the court will dismiss them *sua sponte* because (like defendant Pyron) they are not state actors. The court is not required to accept plaintiff's conclusory legal statement that the Bakers are "agents" of the state agency. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).[7]

As noted, plaintiff also brings a state law claim for abuse of process. Under 28 U.S.C. §1367(c), the court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." Because the abuse of process claim is closely intertwined with the child custody proceeding, "[t]his weighs against the exercise of supplemental jurisdiction over his state law claims." *Watson v. State,* 2016 WL 1359868, *6 (D.Kan.2016).

It is the order of the court that the motions to dismiss (##22, 23, 25 and 29) are hereby granted. The claims for equitable relief under 42 U.S.C. §1983 are dismissed without prejudice pursuant to *Younger*. The claims for monetary relief are dismissed on the merits. The state law claim of abuse of process is dismissed without prejudice.

---

[7]As to the Bakers, (and as to the defendants generally), because complaints in §1983 cases typically include claims against multiple defendants, "the *Twombly* standard may have greater bite in such contexts." *See Robbins v. Okla. ex rel. Dep't of Human Servs.,* 519 F.3d 1242, 1249 (10th Cir.2008). The complaint must make clear exactly *who* is alleged to have done *what* to *whom*. *Id.* Plaintiff's complaint merely posits the child custody proceeding as an all-encompassing conspiracy.

**ORDERED THIS 7th DAY OF SEPTEMBER, 2016.**

**Dated this 7th day of September, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma